962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard SNIPES, Plaintiff-Appellant,
v.
Pamela B. CAMPBELL, Classification Case Worker; Robert
JOHNSON, Classification Supervisor, Defendants-Appellees.
 No. 91-6074.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 20, 1992
Decided: May 11, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-90-1555-3-3B)
 Richard Snipes, Appellant Pro Se.
 Larry Cleveland Batson, Robert Eric Petersen, Barbara Murcier Bowers, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Columbia, South Carolina; Douglas McKay, Jr., Columbia, South Carolina, for Appellees.
 Before RUSSELL, WIDENER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Snipes noted this appeal from the district court's judgment pending disposition of a timely motion to alter or amend that judgment under Fed. R. Civ. P. 59. Under Fed. R. App. P. 4(a)(4), a notice of appeal filed before disposition of a timely Rule 59 motion is without effect, and a new notice of appeal must be filed within the appeal period measured from entry of the order disposing of the motion. Appellant's timely Rule 59 motion rendered this appeal without effect, and Appellant failed to file a new appeal after disposition of the Rule 59 motion.* Under these circumstances, we lack jurisdiction. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 After the district court issued its order denying Snipes's Rule 59 motion, Snipes filed an informal brief in this Court. An informal brief may be construed as a notice of appeal if it fulfills the requirements of Fed. R. App. P. 3. Smith v. Barry, 60 U.S.L.W. 4065 (U.S. 1992). Even assuming that Snipes's informal brief could be docketed as a new notice of appeal, however, that appeal would be moot in light of the fact that the district court has since reopened its final judgment and Snipes has since voluntarily dismissed his complaint and taken no further appeal. Snipes's motion to stay this appeal pending district court action on his motion to reopen the judgment is likewise moot. Because Snipes's notice of appeal was without effect under Fed. R. App. P. 4(a)(4), it did not divest the district court of jurisdiction to act on his motion to reopen the judgment